

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **AMERICAN WESTERN HOME INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **HERITAGE REAL ESTATE INVESTMENT CORPORATION,** ) | |
| ) | Civil Action Number |
| Defendant. ) | **7:07-cv-352-UWC** |
| ) | |
| *********************** ) | |
| ) | |
| **BAYVIEW LOAN SERVICING LLC, f/k/a INTERBAY FUNDING, LLC, and IB PROPERTY HOLDINGS, LLC,** ) | |
| ) | |
| Intervenors. ) | |

**MEMORANDUM OPINION
ON MOTIONS FOR SUMMARY JUDGMENT**

This Declaratory Judgment action was initiated by Plaintiff American Western Home Insurance Company ("American Western"), seeking a declaration that it is not liable to Defendant Heritage Real Estate Investment, Incorporated ("Heritage") under three insurance policies issued to Heritage. Intervenors Bayview Loan Servicing, LLC, f/k/a InterBay Funding, LLC ("Bayview") and IB Holdings, LLC ("IB") are

mortgagees of two of the insured properties.

American Western and the intervenors now seek  summary judgment against Heritage. (Docs. 32, 37). Based on the undisputed facts, the Court concludes that the motions are due to be granted.

I. The Undisputed Facts[1]

American Western is an Oklahoma surplus-lines insurance company, with its principal place of business in Ohio. Heritage is a real estate investment company, doing business in Eutaw, Alabama.[2]

On July 17, 2003, American Western  issued to Heritage a general liability and commercial property policy insuring a gas station/convenience store in Demopolis, Alabama. The policy was in initially in effect for a year commencing on July 17, 2004; but it was renewed for a second year.  On April 27, 2004, American Western  issued to Heritage another one-year policy, this one covering a hotel in Livingston, Alabama. It was renewed for a second year.  American Western  issued a third policy  to Heritage

---

[1]Heritage has not responded to the motions for summary judgment.

[2]  In its answer to the complaint, Heritage asserts that it is a "subsidiary and holding company" for an organization named "Apostolic Advancement Association" ("AAA").  (Doc. 24, ¶¶ 5, 7, 9.)  Additionally, in the answer Heritage asserts that AAA is also an insured under the three policies.  However, AAA is not listed as an insured entity under the policies.  (Doc. 1, Compl. at Exs. A-F.)  Moreover, AAA is not a party in this litigation; and its purported "answer" to a complaint which has not listed it as a party, has been stricken by the Court..  (*See* Docs. 19, 6.)

on June 8, 2004, covering a hotel in Eutaw, Alabama. Like the first two, the third

policy was renewed for a second year.

Under the terms of each of the policies, in order to claim a loss, the insured

Heritage is required, among other things, to

- 1) give the insurer American Western, prompt notice of the loss or damage, including a description of the property involved;

- 2) as soon as possible,  give the insurer a description of how, when, and where the loss or damage occurred;

- 3) take  all  reasonable  steps  to  protect  the  covered  property;

- 4) at the insurer's request give the insurer complete inventories of the damages and  undamaged property,  including quantities, coast, values, and amount of loss claimed;

- 5) as often as may be reasonably required, permit the insurer to inspect the property to determine the loss or damage, and permit the insurer to examine its books and records;

- 6) within sixty days after the insurer's request, submit a signed, sworn proof  of  loss  form  containing  any information requested by the insurer in order to investigate the claim;

7) cooperate  with  the  insurer  in the investigation or settlement of the claim; and

8) permit the insurer  to examine any insured under oath, at such times as may be reasonably required, about any matter relating to the claim, including the insured's books and records.

(Doc. 1, Compl. at Ex. A, p. 30-31; Ex. B, p. 29-30; Ex. C, p. 30-31; Ex. D, p. 36-37;

Ex. E, p. 23-24; Ex. F., p. 35-36.) [3]

During the periods covered by the policies, four hurricanes (Ivan, Dennis, Katrina, and Rita)  touched down in the areas in which the insured properties are located;[4] and wreaked considerable havoc of historic proportions to people and properties in the affected areas.

Heritage first reported a loss of the Eutaw Hotel on July 29, 2005; and it made a second report of loss on this property on October 7, 2005. It first reported a loss on the Livingston Hotel on August 18, 2005.  The loss on the Demopolis  property was first reported to American Western on August 7, 2005.

Consistent with provisions of the insurance contracts, on February 21, 2006, American Western sent a letter to Heritage and its representative, Martin Crawford, requesting that a Heritage representative submit to a sworn statement regarding the claims.  Additional correspondence was subsequently sent to Heritage and its then attorney, requesting that  certain documents be produced at the time of the sworn statement.

The first sworn statement of a Heritage representative took place on May 11,

---

[3]  Because the exhibits attached to the complaint are not numbered consecutively, page citations to these exhibits refer to the page number as it appears on the Court's electronic docket entry.

[4]The hurricanes landed on September 14, 2004, July 10, 2005, August 29, 2005, and September 24, 2005.

2006. During the course of the statement, American Western requested, and Heritage's counsel agreed to provide, other documents, including:

• ownership, purchase, depreciation, occupancy and repair records, with separate itemization for the damage caused by the two hurricanes to the Eutaw hotel;

• purchase documents, depreciation records, documentation regarding efforts to protect the property after the hurricanes, and repair records, with separate itemization for damage caused by the two hurricanes to the Livingston hotel; and

• lease/purchase agreements, ownership records, and depreciation records on the Demopolis gas station.
•

No additional documents had been supled by January 17, 2007, when another sworn statement was taken, during which Heritage again agreed to supply certain documents.  While Heritage was of the opinion that some of the document requests were not appropriate, the company promised to send certain documents that it had "available," upon reviewing the prior document requests. (*See, e.g.*, Doc. 33, Pl.'s Ex. D, Crawford Sworn Statement II at 6-7, 11-13, .)  However, two days later, Heritage sent a letter stating that it would not produce any more documentation.  (Doc. 33, Pl's Ex. G.)

Before the strikes of the Ivan and Dennis hurricanes, Heritage executed mortgages on both properties. It granted a security interest to Bayview in "[a]ll proceeds of . . . any insurance  policies" covering the properties, including the "right to receive and apply the proceeds of any insurance, judgements or settlements . . . for

damage to" the properties.  (Doc. 38, Intervenor's Ex. F2, Section 1.1(g);  Ex. F5, Section 1.1(g); *see also* Ex. F2, Section 3.3; Ex. F5, Section 3.3.

On or about March 15, 2007, Bayview foreclosed on both properties. At the foreclosure sales Bayview was ultimately the highest bidder.  Each of the foreclosure sales resulted in a deficiency.

After intervening in this action, Bayview served Requests for Admission on Heritage.  (Doc. 38, Bayview's Ex. E.)  More than thirty days elapsed after the service of the requests on December 6, 2007, but Heritage never responded.  Thus, pursuant to Federal Rule of Civil Procedure 36(a)(3),  Heritage is deemed to have admitted  that it remains indebted to Bayview in the amount of $89,787.52 as the deficiency on the Livingston property, and in the amount of $793,408.25 as the deficiency on the Eutaw property.[5]

American Western policies numbered  ZE5000639C,  ZE5001425D, ZE5000569C, and  ZE5001261D  each list Bayview Loan Servicing LLC as a mortgage holder.  Policy ZE5000569C (the Livingston renewal policy) is the only applicable policy which lists Interbay Funding Inc. as the loss payee.[6]

---

[5]Both deficiency amounts are effective as of April 1, 2008.

[6]IB Property Holdings, LLC, is the real party in interest with respect to the Livingston property. Doc. 31.

II. Analysis

Heritage is not entitled to recover under the insurance policies on the Eutaw and Livingston properties because, under the terms of the mortgages, it has transferred to Bayview the right to receive the insurance proceeds.

Additionally, Heritage is not entitled to recover under the insurance policies on the Eutaw and Livingston hotel properties, as well as the Demopolis gas-station property because it failed to comply with the terms of the agreement by failing to

•       cooperate with American Western's investigation of the claims;

•       provide complete documentation relating to damages suffered;

•        provide complete documentation regarding repair expenses;

•       provide complete documentation regarding depreciation records;

•       provide access to said documents;

•       allocate the damages suffered between the two hurricanes; and

•       provide prompt notice of the damage relating to Hurricane Ivan. [7]

The Court does not reach the issue of whether Heritage's failure to comply with

---

[7] American Western urges as an undisputed fact that Heritage denied investigatory access to the properties . With respect to the inspection of the Demopolis gas station, Heritage's sworn testimony indicates that it was withholding permission for the claims adjustor to visit the property until Heritage receive an adequate explanation regarding the status of its insurance claim. (Doc. 33, Pl's Ex. D, Crawford Sworn Statement II, at 52.)  Apparently, there was a dispute regarding the claims adjustor and the manner in which American Western was processing the claims. (*See id*. at 49-52.) Giving the favorable inference to Heritage, the Court therefore cannot find that Heritage unequivocally denied American Western access to the insured property.

the terms of the policies bars recovery by Bayview,  because. that issue is not before the Court. American Western did not amend its complaint to seek declaratory judgment against Bayview after Bayview intervened in this action; it raised the issue for the first time in its motion for summary judgment.[8]  That was too late.  Bayview has not raised the issue.

Conclusion

By separate order, the Court will enter a declaratory judgment that American Western is not liable to Heritage under the applicable insurance policies, and that Heritage is indebted to Bayview in the amount of $793,408.25 as the deficiency on the Eutaw property and to IB Property Holdings, LLC  in the amount of $89,787.52 as the deficiency on the Livingston property.

_____
U.W. Clemon
United States District Judge

---

[8]The Scheduling Order requires that pleadings be amended not later than October 12, 2007. Doc. 27. American Western has not amended its complaint, in which it only seeks declaratory judgment against Heritage.